**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **DARRIN W. SHATNER, #B-42950,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 13-cv-00599-JPG** |
| | ) | |
| **MIKE ATCHISON,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, who is currently incarcerated at Pontiac Correctional Center ("Pontiac"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1).  Plaintiff is serving a life sentence for murder, armed robbery, and arson.  His claims arose during his incarceration in Menard Correctional Center ("Menard").  In the complaint, Plaintiff raises twelve separate claims against seventeen defendants.  Each of Plaintiff's claims will be discussed in detail below. Plaintiff seeks compensatory and punitive damages, as well as injunctive relief.

## 1.    Standard of Review

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint.  The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

1

A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

2.   **The Complaint**

Based on the allegations in the complaint, the Court finds it appropriate to exercise its authority under Section 1915A to dismiss those causes of action that fail to state a claim for relief before allowing Plaintiff to proceed. *See House v. Belford*, 956 F.2d 711, 718-19 (7th Cir. 1992). In addition, the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint into numbered claims, as shown below. The below-listed claims correspond exactly with the twelve claims set forth in Plaintiff's complaint. However, because each of Plaintiff's twelve claims actually includes multiple causes of action, the Court finds it necessary to designate each separate cause of action as a "count" in the below discussion. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these claims does not constitute an opinion as to their merit.

CLAIM 1:     **Defendants McDonnounh, Dunn, Cowan, Dilday, Atchison, Harrington, and Godinez confiscated Plaintiff's personal**

property on August 14, 2012, in retaliation and in violation of the First, Fourth, and Fourteenth Amendments;

CLAIM 2: Defendants Atchison and Godinez confiscated Plaintiff's personal typewriter on June 5, 2012, in violation of the First and Fourteenth Amendments;

CLAIM 3: Defendants Fedderke and Nagel confiscated Plaintiff's deck of tarot cards on September 15, 2012, in retaliation and in violation of the First, Fourth, and Fourteenth Amendments;

CLAIM 4: Defendants New, Severs, Richard, Harrington, Allen, Godinez, and Veath wrongfully issued Plaintiff disciplinary tickets for possession of sewing needles on August 27, 2012, in retaliation and in violation of the Fourth, Eighth, and Fourteenth Amendments;

CLAIM 5: Defendants Spiller, Atchison, Veath, and Harrington took Plaintiff's legal documents on September 20, 2012, in violation of the Fourth, Sixth, Eighth, and Fourteenth Amendments;

CLAIM 6: Defendants Atchison, Harrington, Spiller, New, Severs, Godinez, Veath, and Allen used the prison disciplinary system to harm Plaintiff's health, in violation of the First, Fourth, Eighth, and Fourteenth Amendments;

CLAIM 7: Defendants McDonnounh, Anderson, Dunn, Cowan, Severs, and Dilday confiscated Plaintiff's radio on August 28, 2012, in retaliation and in violation of the First, Fourth, and Fourteenth Amendments;

CLAIM 8: Defendants Severs, Nagel, Atchison, Godinez, and Allen intercepted Plaintiff's painting from the mail in retaliation;

CLAIM 9: Defendants Atchison, Harrington, Nwaobasi, and Veath delayed treatment of Plaintiff's ingrown toenails for more than a year, in violation of the Eighth and Fourteenth Amendments;

CLAIM 10: Defendants Dunn, McDonnounh, Anderson, Atchison, and Harrington used excessive force against Plaintiff on August 28, 2012, in retaliation against Plaintiff and in violation of the Eighth Amendment;

CLAIM 11: Defendants Atchison and Godinez confiscated Plaintiff's guitar, in violation of the First and Fourteenth Amendments; and

> **CLAIM 12:   Defendants Atchison and Harrington intercepted Plaintiff's legal mail, in violation of his right to access the courts.**

**3.    Discussion**

**CLAIM 1**

Plaintiff alleges that Defendants McDonnounh, Dunn, Cowan, Dilday, and Godinez confiscated personal property items during a cell search on August 14, 2012 (Doc. 1, p. 8).  They acted on orders issued by Defendants Atchison and Harrington.  Plaintiff used these items to exercise his religion.  The confiscated items include, among other things, Plaintiff's religious tarot deck, $3,000 in art supplies, chess pieces, and calculators.  Plaintiff alleges that these items were taken in retaliation for his religious exercise and in violation of his rights under the First, Fourth, and Fourteenth Amendments.

Accepting the allegations as true, the Court finds that Plaintiff has stated claims against Defendants McDonnounh, Dunn, Cowan, Dilday, Godinez, Atchison, and Harrington under the First Amendment Free Exercise Clause (Count 1) and the First Amendment Free Speech Clause (Count 2).  Plaintiff has also stated a colorable retaliation claim against Defendants (Count 3).

However, Plaintiff has failed to state a claim for relief under the Fourth Amendment (Count 4).  Plaintiff seems to suggest that Defendants violated his Fourth Amendment rights by entering and searching his cell.  The Supreme Court has held that the Fourth Amendment does not apply to searches of a prison cell because a prisoner has no reasonable expectation of privacy.  *Hudson v. Palmer*, 468 U.S. 517, 526 (1984).  Accordingly, Count 4 shall be dismissed without prejudice.

Plaintiff has not articulated a claim under the Fourteenth Amendment (Count 5), to be free from deprivations of his property by state actors without due process of law.  To state a

claim under the Fourteenth Amendment Due Process Clause, Plaintiff must establish a deprivation of liberty or property *without due process of law*; if the state provides an adequate remedy, Plaintiff has no civil rights claim. *Hudson*, 468 U.S. at 530-36 (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILL. COMP. STAT. 505/8 (1995). Because a state court remedy is available to Plaintiff, his constitutional claim for deprivation of his property fails. Count 5 shall be dismissed without prejudice, so that Plaintiff may bring the claim in state court should he wish to pursue this claim.

Likewise, Plaintiff's potential claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") (Count 6), 42 U.S.C. § 2000cc *et seq.*, fails. Plaintiff's complaint does not mention a RLUIPA claim. Because Plaintiff is proceeding in this matter *pro se*, however, the Court construes the complaint liberally to include this statutory claim. *See Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012) (citing *Ortiz v. Downey*, 561 F.3d 664, 670 (7th Cir. 2009)). To state a claim under RLUIPA, Plaintiff must allege facts which tend to show that he seeks to exercise his religious beliefs and that the challenged practice substantially burdens his exercise of religion. *Kroger v. Bryan*, 523 F.3d 789, 796 (7th Cir. 2008); 42 U.S.C. § 2000cc-2(b). Here, RLUIPA is of no use to Plaintiff. Plaintiff seeks monetary damages against Defendants in their official and individual capacities. The former claim is barred by the state's sovereign immunity. *See Grayson*, 666 F.3d at 451 (citing *Sossamon v. Texas*, -- U.S. --, 131 S. Ct. 1651, 1658-61 (2011); *Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011)). The latter claim also fails because RLUIPA "does not create a cause of action against state employees

in their personal capacity." *Grayson*, 666 F.3d at 451 (citing *Nelson v. Miller*, 570 F.3d 868, 886-89 (7th Cir. 2009)).  While Plaintiff also seeks injunctive relief, which is authorized under RLUIPA, the claim shall be denied as moot.  When prison inmates challenge prison practices, their equitable claims are moot once they move to another prison that does not apply those practices.  *Stewart*, 5 F.3d at 1037-38; *see Fuller v. Dillon*, 236 F.3d 876, 883 (7th Cir. 2001); *see also Henderson v. Sheahan*, 196 F.3d 839, 849 n. 3 (finding plaintiff prisoner's equitable relief claims challenging prison policies moot after he was transferred).  Plaintiff's RLUIPA claim shall be denied as moot because he is no longer incarcerated at Menard.  Accordingly, Count 6 shall be dismissed without prejudice.

In summary, Counts 4, 5, and 6 shall be dismissed without prejudice, but Counts 1, 2, and 3 against Defendants McDonnounh, Dunn, Cowan, Dilday, Godinez, Atchison, and Harrington state a colorable claim; therefore, Claim 1 shall proceed.

## CLAIM 2

Plaintiff alleges that on June 5, 2012, Defendant Atchison wrongfully confiscated Plaintiff's typewriter pursuant to an order of Defendant Godinez (Doc. 1, p. 9).  Plaintiff used the typewriter to write a religious book and religious magazine articles.  Plaintiff alleges that the confiscation of his property violated his right to access the media and the courts under the First and Fourteenth Amendments.

Plaintiff has failed to state a colorable media access claim under the First Amendment (Count 7).  Plaintiff has not explained this claim, and his vague reference to this cause of action is so abstract and conclusory that it fails to pass muster even at this early stage in litigation.  *See Twombly*, 590 U.S. at 570.  Accordingly, Plaintiff's First Amendment media access claim shall be dismissed without prejudice.

Plaintiff's potential claim under the First Amendment Free Exercise Clause (Count 8) also fails. Plaintiff has not alleged that his typewriter is a religious item, that its confiscation interfered with the exercise of his religion, or that he was denied access to other typewriters at Menard. Accordingly, Count 8 against Defendants Atchison and Godinez shall be dismissed without prejudice for failure to state a claim upon which relief can be granted.

Plaintiff has also failed to state a claim against Defendants Atchison and Godinez for the denial of his right to access the courts (Count 9). The Seventh Circuit uses a two-part test to decide if prison administrators have violated the right of access to the courts. *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004). First, the prisoner must show that prison officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Jenkins v. Lane*, 977 F.2d 266, 268 (7th Cir. 1992) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)). Plaintiff's complaint contains no such assertion.

Second, Plaintiff must be able to show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn,* 13 F.3d 1036, 1041 (7th Cir. 1994); *see also Lehn*, 364 F. 3d at 868. That means that a detriment must exist, a detriment resulting from illegal conduct that affects litigation. It does not mean that any delay is a detriment. *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992), *cert. denied*, 506 U.S. 1062 (1993). Regardless of the length of an alleged delay, a prisoner must show actual substantial prejudice to specific litigation. *Kincaid,* 969 F.2d at 603. Plaintiff has failed to allege, or even suggest, that the confiscation of his typewriter resulted in substantial prejudice to specific litigation. Accordingly, his access to

courts claim against Defendants Atchison and Godinez fails. Count 9 shall be dismissed without prejudice.

Likewise, Plaintiff's Fourteenth Amendment claim (Count 10) against Defendants Atchison and Godinez fails. Plaintiff brings this claim as one for a deprivation of personal property, rather than a claim for religious interference. As such, Plaintiff must establish a deprivation of liberty or property without due process of law; if the state provides an adequate remedy, Plaintiff has no civil rights claim. *Hudson*, 468 U.S. at 530-36. Because a state court remedy is available to Plaintiff, his constitutional claim for deprivation of his property fails. Count 10 shall be dismissed without prejudice, so that Plaintiff may bring the claim in state court should he wish to pursue this claim.

In summary, Counts 7, 8, 9, and 10 against Defendants Atchison and Godinez shall be dismissed without prejudice. Accordingly, Claim 2 must be dismissed in its entirety.

## CLAIM 3

Plaintiff alleges that on September 15, 2012, Defendants Fedderke and Nagel confiscated his personal property items in the segregation property room (Doc. 1, p. 9). Plaintiff uses some of these items to exercise his religion. The confiscated items include, but are not limited to, his religious tarot deck, religious books, artwork, and cassette tapes. Plaintiff claims that these items were taken in retaliation for his religious exercise and in violation of his right to media access under the First, Fourth, and Fourteenth Amendments.

The Court finds that Plaintiff has stated claims against Defendants Fedderke and Nagel under the First Amendment Free Exercise Clause (Count 11) and for retaliation (Count 12).

However, Plaintiff has failed to state a claim for relief under the Fourth Amendment (Count 13), which does not apply to searches of a prison cell. *See Hudson*, 468 U.S. at 526.

Likewise, Plaintiff has failed to state a claim for relief under the Fourteenth Amendment (Count 14). Because a state court remedy is available to Plaintiff, his constitutional claim for deprivation of his property fails. Plaintiff's potential RLUIPA claim (Count 15) shall be denied as moot because Plaintiff is no longer incarcerated at Menard. Finally, Plaintiff's media access claim (Count 16) fails for the same reasons set forth in Claim 2.

Counts 13, 14, 15, and 16 shall be dismissed without prejudice for failure to state a claim upon which relief can be granted, but Count 11 and 12 against Defendants Fedderke and Nagel state a colorable claim; therefore, Claim 3 shall proceed.

## CLAIM 4

Plaintiff alleges that on August 27, 2012, Defendants New, Severs, Richard, Harrington, Allen, and Godinez wrongfully issued Plaintiff a disciplinary ticket for possession of sewing needles they found in his cell during a search earlier that month (Doc. 1, p. 10). Defendants conducted the search in response to a grievance Plaintiff filed. At the time of the search, Plaintiff alleges that he was in possession of four needles, which he legally purchased from the commissary. However, Defendants issued Plaintiff a disciplinary ticket for sewing needles that belonged to his cellmate. Defendant Veath falsely found Plaintiff guilty of a rule violation and sentenced Plaintiff to six months in segregation (now served), C-grade, no shop, no phones, and no contact visits. Accepting Plaintiff's allegations as true, the Court finds that he has stated a claim against Defendants New, Severs, Richard, Harrington, Allen, and Godinez, for issuing Plaintiff a disciplinary ticket in retaliation for Plaintiff's grievance (Count 17).

However, Plaintiff's Fourteenth Amendment claim (Count 18) based on the issuance of a false disciplinary ticket shall be dismissed without prejudice for failure to state a claim upon which relief can be granted at this time. Allegations of false disciplinary reports do not state a

claim where due process is afforded. *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984). The Seventh Circuit Court of Appeals has reasoned that the due process safeguards associated with prison disciplinary proceedings are sufficient to guard against potential abuses. A hearing before a presumably impartial Adjustment Committee terminates an officer's possible liability for the filing of an allegedly false disciplinary report. *Hawkins v. O'Leary*, 729 F. Supp. 600, 602 (N.D. Ill. 1990), relying on *Hanrahan*, 747 F.2d at 1141. The procedural requirements of a disciplinary hearing protect prisoners from arbitrary actions of prison officials. *McKinney v. Meese*, 831 F.2d 728, 733 (7th Cir. 1987).

In the instant complaint, Plaintiff states that he was falsely accused of possessing needles, which either did not belong to him or were in his lawful possession. Plaintiff gives no further information about the nature of the false charge, nor does he state whether he was given a hearing on the charge that afforded him the procedural protections described in *Wolff v. McDonnell*, 418 U.S. 539 (1974). If Plaintiff was given a proper hearing, yet was found guilty of the false charge, he would not have a constitutional claim so long as the decision of the disciplinary hearing board was supported by "some evidence." *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994). If Plaintiff was not afforded the procedural protections in *Wolff*, he still may not have an actionable claim. Without any of these details, Count 18 against Defendants New, Severs, Richard, Harrington, Allen, and Godinez shall be dismissed without prejudice.

Plaintiff's claim against Defendant Veath (Count 19), the Adjustment Committee chair, for "falsely" finding Plaintiff guilty of the rule violation shall be dismissed without prejudice. A cause of action does not arise where a plaintiff simply disagrees with the outcome of a disciplinary proceeding. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (plaintiff's argument that conspiracy by prison officials to deny administrative review of his grievances by

dismissing them was frivolous where plaintiff had access to the grievance procedure but he did not obtain the outcome he desired).  In the case at bar, Plaintiff attempts to assert a claim for violation of his constitutional rights after being sent to segregation for false disciplinary charges. However, Plaintiff has not alleged that the disciplinary hearing was in any way faulty. Therefore, Count 19 against Defendant Veath shall be dismissed without prejudice.

Likewise, Plaintiff's Eighth Amendment claim (Count 20) shall be dismissed.  Plaintiff alleges that he "has suffered" because of his placement in segregation (Doc. 1, p. 10).  This vague allegation falls far short of stating a claim under the Eighth Amendment.  It is unclear whether Plaintiff is attempting to raise an Eighth Amendment claim based on the conditions of his confinement, a serious medical need, or some other reason.  Without more, his claim fails and shall be dismissed without prejudice.

In summary, Count 18 against Defendants New, Severs, Richard, Harrington, Allen, and Godinez shall be dismissed without prejudice for failure to state a claim upon which relief can be granted.  Count 19 against Defendant Veath shall be dismissed without prejudice for failure to state a claim.  Count 20 against all of these defendants shall also be dismissed without prejudice. However, Count 17 against Defendants New, Severs, Richard, Harrington, Allen, and Godinez states a colorable claim; therefore, Claim 4 shall proceed.

## CLAIM 5

Plaintiff alleges that on September 20, 2012, Defendants Spiller, Atchison, Veath, and Harrington stole legal documents from him, in violation of Plaintiff's rights under the Fourth, Sixth, Eighth, and Fourteenth Amendments (Doc. 1, p. 10).  The papers included two affidavits of Plaintiff's cellmate, which Plaintiff intended to file with the Court.  Plaintiff alleges that Defendants confiscated these papers in order to deny him access to the courts.

11

Plaintiff has failed to articulate a colorable access to courts claim (Count 21) against Defendants Spiller, Atchison, Veath, and Harrington. Plaintiff's complaint does not address the two-part test used to decide if prison administrators have violated the right of access to the courts. *Lehn*, 364 F.3d at 868. Plaintiff does not suggest that prison officials failed "to assist in the preparation and filing of meaningful legal papers by providing [him] with adequate law libraries or adequate assistance from persons trained in the law." *Jenkins v. Lane,* 977 F.2d 266, 268 (7th Cir. 1992) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)). Plaintiff has also not shown, or even suggested, actual substantial prejudice to specific litigation. *Kincaid*, 969 F.2d at 603 (7th Cir. 1992), *cert. denied*, 506 U.S. 1062 (1993).

Count 21 against Defendants Spiller, Atchison, Veath, and Harrington shall be dismissed without prejudice. Therefore, Claim 5 must be dismissed in its entirety.

## CLAIM 6

Plaintiff alleges that on an unspecified date Defendants Atchison, Harrington, Spiller, New, Severs, Godinez, Veath, and Allen used Menard's disciplinary system to take Plaintiff's property, confine Plaintiff to segregation for eighteen months, transfer him to Pontiac, harm his health, and retaliate against him (Doc. 1, p. 11). In doing so, Defendants violated Plaintiff's rights under the First, Fourth, Eighth, and Fourteenth Amendments.

Plaintiff's claims under the First Amendment (Count 22), Fourth Amendment (Count 23), and Fourteenth Amendment (Count 24) are subsumed in the above-referenced claims. Because these claims are duplicative, they shall be dismissed with prejudice.

The only new claim Plaintiff asserts is an Eighth Amendment claim (Count 25) for Defendants' alleged deliberate indifference to his serious medical needs. The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute

12

cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). In order to state a claim of cruel and unusual punishment under the Eighth Amendment, a prisoner must allege "acts and omissions sufficiently harmful to evidence deliberate indifference to serious medical needs," *Id.*, 429 U.S. at 106. In the instant complaint, Plaintiff alleges that Defendants kept "[him] in segregation so as to hamper [his] health" (Doc. 1, p. 11). He does not identify a specific medical need, state that it is serious, or allege that any defendants denied him adequate medical treatment. Without these basic assertions, the Court cannot allow Plaintiff to proceed on his Eighth Amendment claim. Accordingly, Count 25 shall be dismissed without prejudice for failure to state a claim upon which relief can be granted.

In summary, Counts 22, 23, and 24 against Defendants Atchison, Harrington, Spiller, New, Severs, Godinez, Veath, and Allen shall be dismissed with prejudice. Count 25 against these same defendants shall be dismissed without prejudice. Therefore, Claim 6 must be dismissed in its entirety.

## CLAIM 7

Plaintiff alleges that on August 28, 2012, Defendants McDonnounh, Anderson, Dunn, Cowan, Severs, and Dilday confiscated Plaintiff's radio in violation of the First, Fourth, and Fourteenth Amendments. Plaintiff alleges that this action was taken in retaliation against him.

Plaintiff fails to articulate a colorable claim under the First Amendment (Count 26). Beyond his passing reference to the First Amendment, Plaintiff does not even address this claim. He does not, for example, allege that his radio is a religious item or that the confiscation of the radio interfered with his religious exercise. Without more, Plaintiff cannot proceed on this claim. Accordingly, Count 26 shall be dismissed without prejudice.

Plaintiff has also failed to state a claim under the Fourth Amendment (Count 27). Construing the allegations in the complaint liberally in his favor, Plaintiff seems to suggest that Defendants violated his Fourth Amendment rights by confiscating his radio during an unlawful cell search. The Supreme Court has held that the Fourth Amendment does not apply to searches of a prison cell. *Hudson*, 468 U.S. at 526. Accordingly, Count 27 shall be dismissed without prejudice.

Plaintiff's Fourteenth Amendment claim also fails (Count 28). To state a claim under the due process clause of the Fourteenth Amendment, Plaintiff must establish a deprivation of liberty or property *without due process of law*; if the state provides an adequate remedy, Plaintiff has no civil rights claim because Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *See Hudson*, 468 U.S. at 530-36; *Murdock*, 193 F.3d at 513; *Stewart*, 5 F.3d at 1036; 705 ILL. COMP. STAT. 505/8 (1995). Count 28 shall be dismissed without prejudice, so that Plaintiff may bring the claim in state court should he wish to pursue this claim.

Finally, Plaintiff's retaliation claim (Count 29) also fails. In the prison context, where an inmate is alleging retaliation, it is not enough to simply state the cause of action. The inmate must identify the reasons that retaliation has been taken, as well as "the act or acts claimed to have constituted retaliation," so as to put those charged with the retaliation on notice of the claim(s). *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). The inmate need not plead facts to establish the claim beyond doubt, but need only provide the bare essentials of the claim, and in a claim for retaliation the reason for the retaliation and the acts taken in an effort to retaliate suffice. *Id.* Plaintiff has merely asserted that his radio was confiscated in retaliation (Doc. 1, p. 11). Left to guess "what for," the Court is compelled to dismiss Count 29 without prejudice.

In summary, Counts 26, 27, 28 and 29 against Defendants McDonnounh, Anderson, Dunn, Cowan, Severs, and Dilday shall be dismissed without prejudice for failure to state a claim for relief.  Therefore, Claim 7 must be dismissed in its entirety.

## CLAIM 8

Plaintiff alleges that Defendants Severs and Nagel intercepted a painting that Plaintiff mailed to a friend, after it was returned for insufficient postage (Doc. 1, p. 12).  Defendants Severs and Nagel then mailed the painting to Plaintiff's mother, who never received it.  When Plaintiff attempted to address the issue with Defendants Atchison, Allen, and Godinez, they refused to address it.

Plaintiff has failed to state a claim against Defendants Severs and Nagel for violating his constitutional rights (Count 30) by intercepting his mail (in this case, a painting).  Although inmates have a right to send and receive mail, that right does not preclude officials from inspecting mail to ensure that it does not contain contraband.  *Kaufman v. McCaughtry*, 419 F.3d 678, 685 (7th Cir. 2005); *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999); *Wolff*, 418 U.S. at 576 (1974).  Courts have consistently held that searches of prisoners' outgoing mail is permissible for security purposes, such as searching for contraband, escape plans, and the like.  *See Rowe*, 196 F.3d at 782 ("prison security is 'a sufficiently important governmental interest to justify limitations on a prisoner's first amendment rights'"); *Gaines*, 790 F.2d at 1304 ("provisions of this type do not impermissibly intrude on First Amendment rights"); *Smith v. Shimp*, 562 F.2d 423, 425 (7th Cir. 1977).  Furthermore, "merely alleging an isolated delay or some other relatively short-term . . . disruption in the delivery of inmate reading materials will not support . . . a cause of action grounded upon the First Amendment."  *Rowe*, 196 F.3d at 782.  Beyond loss of his property, Plaintiff has not made any showing that he was harmed.

Should he wish to pursue a claim for loss of his property, Plaintiff should do so by filing an action for damages in the Illinois Court of Claims. *See Hudson*, 468 U.S. at 530-36; *Murdock*, 193 F.3d at 513; *Stewart*, 5 F.3d at 1036; 705 ILL. COMP. STAT. 505/8 (1995). Count 30 against Defendants Severs and Nagel shall be dismissed without prejudice, so that Plaintiff may bring the claim in state court should he wish to pursue this claim.

Likewise, Plaintiff has failed to state a viable claim against Defendants Atchison, Allen, and Godinez for retaliation (Count 31) or for failure to investigate his grievance (Count 32). He sues them for the "malice, retaliation, or deliberate indifference" they exhibited when refusing to address the issue of his intercepted mail. Plaintiff's allegations relating to retaliation are woefully inadequate to pass muster, even at the threshold stage. Plaintiff fails to include basic facts needed to place Defendants on notice of the claim. For example, Plaintiff has not stated the reason for the retaliation or the acts taken in an effort to retaliate. *See Higgs*, 286 F.3d at 439. Accordingly, his retaliation claim (Count 31) shall be dismissed without prejudice.

Similarly, Plaintiff has failed to state a claim against Defendant Atchison, Allen, or Godinez for failing to investigate his complaints regarding the intercepted painting (Count 32). The fact that a counselor, grievance officer, or even a supervisor received a complaint about the actions of another individual does not create liability. In order to be held individually liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Further, "a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Thus, Plaintiff has

no claim against Defendants Atchison, Allen, or Godinez, merely because they did not adequately respond to his grievances. Count 32 shall be dismissed without prejudice.

In summary, Count 30 against Defendants Severs and Nagel shall be dismissed without prejudice for failure to state a claim upon which relief can be granted. Counts 31 and 32 against Defendants Atchison, Allen, and Godinez shall be dismissed without prejudice for failure to state a claim. Accordingly, Claim 8 must be dismissed in its entirety.

## CLAIM 9

Plaintiff alleges that Defendants Atchison, Harrington, Nwaobasi, and Veath violated his constitutional rights by delaying treatment of his ingrown toenails for over a year (Doc. 1, p. 12). Plaintiff was originally scheduled to have two ingrown toenails surgically corrected in December 2011 and January 2012. Plaintiff put in sick call requests and paid the fee for the procedure. Each time Plaintiff was scheduled for surgery, it was delayed for various reasons. The warden prohibited movement of inmates for healthcare. The doctor cancelled the procedure for unknown reasons. After more than a year passed, Plaintiff transferred to Pontiac. There, Plaintiff's doctor determined that the toenails could not be corrected. Plaintiff had trouble walking. It became necessary to remove the toenails on both of Plaintiff's large toes. The delay in his medical treatment and the eventual removal of his toenails caused Plaintiff to suffer pain unnecessarily for over a year.

Construing the allegations in Plaintiff's complaint liberally, he has stated an Eighth Amendment claim for deliberate indifference to his medical needs against Defendants Atchison, Harrington, Nwaobasi, and Veath (Count 33). Therefore, he shall be allowed to proceed on Count 33.

Plaintiff also asserts a medical claim under the Fourteenth Amendment (Count 34), but his claim fails.  Although the "Due Process Clause of the Fourteenth Amendment protects pretrial detainees under the same standard as the Eighth Amendment," Plaintiff has not alleged that he was a pretrial detainee at the time of the alleged constitutional violation.  *Zentmyer v. Kendall Cnty.*, 220 F.3d 805, 810 (7th Cir. 2000).  Therefore, Plaintiff properly raised his claim under the Eighth Amendment, and it is not necessary to do so under the Fourteenth Amendment.

In summary, Count 34 shall be dismissed without prejudice for failure to state a claim, but Count 33 states a colorable claim; therefore, Claim 9 shall proceed.

## CLAIM 10

Plaintiff alleges that on August 28, 2012, Defendants Dunn, McDonnounh, and Anderson beat him while he was cuffed (Doc. 1, p. 13).  While calling Plaintiff a "devil worshipper," these defendants pushed Plaintiff under the stairwell, tripped him, and kicked him repeatedly in the groin, gut, back, and legs.  The beating lasted approximately five minutes.  Defendants told Plaintiff "to file all the lawsuits [he] want[s]. . . ."  As a result of this beating, Plaintiff suffered months of pain in his lower back and sciatic nerve, which were already injured.  Defendants Atchison and Harrington denied Plaintiff's requests for medical treatment.

Plaintiff has stated a viable claim for use of excessive force under the Eighth Amendment (Count 35), and he shall be allowed to proceed on this claim against Defendants Dunn, McDonnounh, and Anderson.  Plaintiff has also articulated a colorable Eighth Amendment claim against Defendants Dunn, McDonnounh, Anderson, Atchison, and Harrington for exhibiting deliberate indifference to his serious medical needs (Count 36), and he shall be allowed to proceed on this claim.  Finally, Plaintiff has stated a retaliation claim against these defendants (Count 37).

In summary, Counts 35, 36, and 37 state colorable claims.  Therefore, Claim 10 shall proceed.

## CLAIM 11

Plaintiff alleges that Defendants Atchison and Godinez confiscated Plaintiff's guitar. They forced him to decide whether to have it destroyed or mail it outside of the facility (Doc. 1, p. 13).  Plaintiff claims that this act prevented him from writing songs using his guitar, in violation of his First and Fourteenth Amendment rights.

Plaintiff's claim under the First Amendment (Count 38) fails.  Restrictions on an inmate's freedom of expression are valid only if reasonably related to legitimate penological interests. *Turner v. Safley*, 482 U.S. 78, 89 (1987); *Lindell v. Frank*, 377 F.3d 655, 657 (7th Cir. 2004).  In determining whether a given prison regulation is constitutional, the Court analyzes four factors: whether the regulation is rationally related to a legitimate or neutral governmental objective; whether alternative means of exercising the right remain open to the inmate; what impact an accommodation of the asserted right will have on guards and other inmates; and whether obvious alternatives to the regulation exist that show the regulation is an exaggerated response to prison concerns. *Turner*, 482 U.S. at 89-91; *Lindell*, 377 F.3d at 657.  Here, Plaintiff has not raised a challenge to a prison policy or state procedure.  Instead, he challenges an unauthorized confiscation of his property, a claim controlled by the Fourteenth Amendment.

Plaintiff media access claim (Count 39) also fails.  Once again, Plaintiff has not explained this claim, and his vague reference to this cause of action is so abstract and conclusory that it fails to pass muster even at this early stage in litigation.  *See Twombly*, 590 U.S. at 570. Accordingly, Plaintiff's First Amendment media access claim shall be dismissed without prejudice.

Under the Fourteenth Amendment (Count 40), the unauthorized intentional taking of a prisoner's property does not violate due process so long as there are meaningful post-deprivation remedies for the loss, such as an action for damages in the Illinois Court of Claims. *Hudson*, 468 U.S. at 533; *Wynn*, 251 F.3d at 592-93; *Murdock*, 193 F.3d at 513; *Stewart*, 5 F.3d at 1036; 705 ILL. COMP. STAT. 505/8 (1995). Because a state court remedy is available to Plaintiff, his constitutional claim for deprivation of his property fails.

In summary, Counts 38, 39, and 40 against Defendants Atchison and Godinez shall be dismissed without prejudice for failure to state a claim upon which relief can be granted. Claim 11 must be dismissed in its entirety.

## CLAIM 12

Finally, Plaintiff alleges that Defendants opened his legal mail and kept it from him for months (Doc. 1, p. 13). The delay caused Plaintiff to miss a deadline. Eventually, the deadline expired. Defendants Atchison and Harrington are responsible. Plaintiff alleges that this act violated his rights under the Sixth Amendment.

Plaintiff's claim against Defendants Atchison and Harrington for unlawfully intercepting his mail (Count 41) fails. Although inmates have a right to send and receive mail, that right does not preclude officials from inspecting mail to ensure that it does not contain contraband. *Kaufman v. McCaughtry*, 419 F.3d at 685 (7th Cir. 2005); *Rowe*, 196 F.3d at 782 (7th Cir. 1999); *Wolff*, 418 U.S. at 576 (1974). Courts have consistently held that searches of prisoners' outgoing mail is permissible for security purposes, such as searching for contraband, escape plans, and the like. *See Rowe*, 196 F.3d at 782 ("prison security is 'a sufficiently important governmental interest to justify limitations on a prisoner's First Amendment rights'"); *Gaines*, 790 F.2d at 1304 ("provisions of this type do not impermissibly intrude on first amendment rights"); *Shimp*, 562

20

F.2d at 425. Furthermore, "merely alleging an isolated delay or some other relatively short-term . . . disruption in the delivery of inmate reading materials will not support . . . a cause of action grounded upon the First Amendment." *Rowe*, 196 F.3d at 782. Beyond loss of his property, Plaintiff has not made any showing that he was harmed. Accordingly, Count 41 shall be dismissed without prejudice.

Plaintiff's related access to courts claim (Count 42) also fails. Plaintiff has not alleged that prison officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Jenkins,* 977 F.2d at 268 (quoting *Bounds*, 430 U.S. at 828). Furthermore, Plaintiff has not alleged that he suffered actual substantial prejudice to specific litigation. *See Alston v. DeBruyn,* 13 F.3d at 1041; *see also Lehn*, 364 F. 3d at 868. Plaintiff has failed to allege any specifics about his missed deadline or the impact it had on his litigation. Accordingly, Plaintiff's access to courts claim (Count 42) against Defendants Atchison and Harrington fails.

In summary, Counts 41 and 42 against Defendants Atchison and Harrington shall be dismissed without prejudice. Therefore, Claim 12 is dismissed in its entirety.

**4.** <u>**Severance**</u>

Although Claims 1, 3, 4, 9, and 10 all state colorable claims, they cannot proceed together in the same action. In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *George,* 507 F.3d at 607, (citing 28 U.S.C. § 1915(b), (g)). Plaintiff's complaint contains an

unwieldy twelve claims against seventeen defendants. Only five of these claims survive this threshold review.

Most of these five claims set forth unrelated allegations against different defendants. Claim 1 against Defendants McDonnounh, Dunn, Cowan, Dilday, and Godinez addresses the confiscation of certain religious property in retaliation against Plaintiff and in violation of the First Amendment. Claim 3 against different defendants, Fedderke and Nagel, also addresses the confiscation of certain religious property in retaliation against Plaintiff and in violation of the First Amendment. Claim 4 against Defendant New, Severs, Richard, Harrington, Allen, Godinez, and Veath raises an unrelated retaliation claim. Claim 9 against Defendants Atchison, Harrington, Veath, and Nwaobasi raises still another unrelated Eighth Amendment medical claim. Claim 10 against Defendants McDonnounh, Dunn, Anderson, Atchison, and Harrington addresses a separate Eighth Amendment excessive force, medical, and retaliation claim.

Consistent with the *George* decision and Federal Rule of Civil Procedure 21, the Court shall sever Claims 4, 9, and 10 of Plaintiff's complaint from Claims 1 and 3, and shall open a new case with a newly-assigned case number for Claims 4, 9, and 10. However, Plaintiff shall have an opportunity to voluntarily dismiss the newly severed cases if he does not wish to proceed on those claims or incur the additional filing fees.

## 5.  Pending Motions

Plaintiff's motion for appointment of counsel (Doc. 4) shall be referred to United States Magistrate Judge **Philip M. Frazier** for further consideration.

## 6.  Disposition

**IT IS HEREBY ORDERED** that **COUNTS 4, 5, 6, 7, 8, 9, 10, 13, 14, 15, 16, 18, 19, 20, 21, 25, 26, 27, 28, 29, 30, 31, 32, 34, 38, 39, 40, 41, 42** are **DISMISSED** without prejudice

from this action for failure to state a claim upon which relief can be granted. **COUNTS 22, 23,** and **24** are **DISMISSED** with prejudice for failure to state a claim for relief.

**IT IS ALSO ORDERED** that **DEFENDANT SPILLER** is **DISMISSED** without prejudice from this action.

**IT IS FURTHER ORDERED** that Plaintiff's **CLAIM 4** (**COUNT 17**), Plaintiff's **CLAIM 9** (**COUNT 33**), and Plaintiff's **CLAIM 10** (**COUNTS 35, 36,** and **37**), which are unrelated to Claims 1 and 3, are **SEVERED** into three new cases. The three new cases present the following claims:

> **CLAIM 4:** Defendants New, Severs, Richard, Harrington, Allen, Godinez, and Veath issued Plaintiff disciplinary tickets for possession of sewing needles on August 27, 2012, in retaliation and in violation of the Fourth, Eighth, and Fourteenth Amendments;
>
> **CLAIM 9:** Defendants Atchison, Harrington, Nwaobasi, and Veath delayed treatment of Plaintiff's ingrown toenails for more than a year, in violation of the Eighth and Fourteenth Amendments; and
>
> **CLAIM 10:** Defendants Dunn, McDonnounh, Anderson, Atchison, and Harrington used excessive force against Plaintiff on August 28, 2012, in retaliation against Plaintiff and in violation of the Eighth Amendment.

The new cases **SHALL BE ASSIGNED** to the undersigned District Judge for further proceedings. In the new cases, the Clerk is **DIRECTED** to file the following documents:

> (1)   This Memorandum and Order;
>
> (2)   The Original Complaint (Doc. 1);
>
> (3)   Plaintiff's Motion for Temporary Restraining Order/Preliminary Injunction (Doc. 2);
>
> (4)   Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 3);
>
> (5)   Plaintiff's Motion for Recruitment of Counsel (Doc. 4);

(6)     Order Denying Motion for TRO/Preliminary Injunction (Doc. 6);

(7)     Plaintiff's Motion for Reconsideration of Order Denying TRO/Preliminary

Injunction (Doc. 7); and

(8)     The Order granting pauper status (Doc. 8).

Plaintiff is **ADVISED** that if, for any reason, he does not wish to proceed with the newly-opened cases, he must notify the Court in writing on or before August 16, 2013.  Unless Plaintiff notifies the Court that he does not wish to pursue the newly opened actions, he **will be responsible for an additional $350.00 filing fee** in each new case.  Service shall not be ordered on Defendants in those cases until after the deadline for Plaintiff's response.  Plaintiff should also be aware that filing an amended complaint or a new case may result in the imposition of filing fees for each severed cause in the amount of $350 per case under *George v. Smith*, 507 F.3d 605 (7th Cir. 2007).

**IT IS FURTHER ORDERED** that the <u>**only claims remaining in this action are COUNT 1 against Defendants McDonnounh, Dunn, Cowan, Dilday, Atchison, Harrington, and Godinez**</u>, for confiscation of Plaintiff's personal property in retaliation and in violation of the First  Amendment Free  Exercise  and Free  Speech Clauses and <u>**COUNT 3 against Defendants Fedderke and Nagel**</u>, for confiscation of Plaintiff's personal property in retaliation and in violation of the First Amendment Free Exercise Clause.  This case shall now be captioned as: **Darrin W. Shatner, Plaintiff, vs. McDonnounh, Dunn, Cowan, R. Dilday, Mike Atchison, Harrington, Director Godinez, Kevin Fedderke, C/O Nagel, Defendants.**

**IT IS FURTHER ORDERED** that Defendant **W. A. SPILLER, MISTY NEW, SEVERS,  RICHARD,  GINA  ALLEN,  TIMOTHY  VEATH,  S.  NWAOBASI** and **ANDERSON** are **TERMINATED** from *this* action with prejudice.

24

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendants **McDONNOUNH, DUNN, COWAN, DILDAY, ATCHISON, HARRINGTON, GODINEZ, FEDDERKE** and **NAGEL**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the

complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Philip M. Frazier for further pre-trial proceedings, which shall include a determination on the pending motion for appointment of counsel (Doc. 4).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Philip M. Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  July 17, 2013**

<u>**s/ J. PHIL GILBERT**</u>
**U.S. District Judge**